Filed 8/26/21  In re A.P. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.P. et al., Persons Coming Under Juvenile Court Law. | B309495 |
| _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 20CCJP04211A-B) |
| Plaintiff and Respondent, | |
| v. | |
| JOSE P., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tamara Hall, Judge.  Affirmed.

Deborah Dentler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Jessica S. Mitchell, Deputy County Counsel, for Plaintiff and Respondent.

_____

The juvenile court ordered the removal of six-year-old A.P. and infant J.P. from their father's care due to father's physical altercations with the children's mother. Father was provided with reunification services and monitored visitation. Father appeals from the order that his visitation be monitored, and argues there was no evidence he posed a risk of harm to his children. In his view, domestic violence between parents does not endanger children who are present. We follow the well-trodden path of many courts that have found otherwise and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In July 2020, the Department of Children and Family Services (Department) received a referral alleging father had pushed mother, who was nine months pregnant with their son, and mother had fallen over. Mother confirmed father had pushed her, and said he had hit her on other occasions. Their six-year-old daughter witnessed the incident and was frightened. Daughter said father hit mother on the chest and stomach, and had previously hit her "a few times before."

The Department filed a petition alleging the children were at risk due to the parents' history of engaging in violent altercations in daughter's presence, and mother's failure to protect the children from father's violence. Mother later recanted her account of the abuse, and denied that father had ever been physically violent with her. Although father initially admitted he had pushed mother, he also later denied they had engaged in any physical altercation.

At the jurisdiction hearing, the trial court sustained allegations against both parents under Welfare and Institutions Code section 300, subdivisions (a), (b)(1), and (j), and released the

2

children to mother with family maintenance services.[1]  The court removed the children from father's care and denied his counsel's request for unmonitored visitation.  The court ordered reunification services for father and monitored visitation.  Father timely appealed.

## *DISCUSSION*

Father argues the juvenile court abused its discretion when it denied his request for unmonitored visitation.  Father does not challenge the court's finding he physically abused mother in daughter's presence.  In his view, this abuse does not support an inference that he posed a threat to the children because they were never injured by the domestic violence.

"A disposition order granting reunification services must provide for visitation between a child and parent 'as frequent as possible, consistent with the well-being of the child.'  (§ 362.1, subd. (a)(1)(A).)  In addition, section 362.1 mandates '[n]o visitation order shall jeopardize the safety of the child.'  (§ 362.1, subd. (a)(1)(B).)"  (*In re T.M.* (2016) 4 Cal.App.5th 1214, 1218.)  "The power to regulate visits between dependent children and their parents rests with the juvenile court and its visitation orders will not be disturbed on appeal absent an abuse of discretion."  (*In re D.P.* (2020) 44 Cal.App.5th 1058, 1070.)

Although father's physical abuse may not have been directed at the children, his conduct put the children at risk of physical and emotional harm.  A parent's failure to protect a child from exposure to domestic violence "*is* neglect; it is a failure to protect [the child] from the substantial risk of encountering the

---

[1]    All further statutory references are to the Welfare and Institutions Code.

3

violence and suffering serious physical harm or illness from it. Such neglect *causes* the risk." (*In re Heather A.* (1996) 52 Cal.App.4th 183, 194.) Children can be "put in a position of physical danger from [spousal] violence" because, "for example, they could wander into the room where it was occurring and be accidentally hit by a thrown object, by a fist, arm, foot or leg. . . ." (*Ibid.*) The risk to children is not only physical. Ongoing domestic violence committed by parents in the presence of the children may pose "substantial danger to the children's emotional well-being." (See *In re J.S.* (2014) 228 Cal.App.4th 1483, 1494, disapproved on other grounds in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1010, fn. 7.)

Here, father's violent altercation with mother put daughter at risk of physical harm, as she was standing nearby during the incident, as well as son, who was in utero when father hit mother. The domestic violence also upset daughter, who was frightened by the incident. Although the parents initially acknowledged the domestic violence, they both later recanted, supporting an inference that they were unwilling to address this behavior. (See *In re Gabriel K.* (2012) 203 Cal.App.4th 188, 197 ["One cannot correct a problem one fails to acknowledge."].) The court found neither parent credible.

On this record, the court could reasonably conclude that father's behavior posed a continuing risk to daughter and son, and monitored visitation was in the children's best interests.

## DISPOSITION

The visitation order is affirmed.

RUBIN, P. J.

WE CONCUR:

MOOR, J.

KIM, J.